# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| OBD SENSOR SOLUTIONS LLC,<br><br>        Plaintiff,<br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>        Defendant. | CIVIL ACTION NO. 6:22-cv-00391<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff OBD Sensor Solutions, LLC ("OBD Sensor Solutions" or "Plaintiff") files this complaint against Defendant Progressive Casualty Insurance Company ("Progressive" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of the following United States Patent (the "Asserted Patent"), a copy of which is attached hereto as **Exhibit A**:

| | U.S. Patent No. | Title |
|---|---|---|
| A. | 7,146,346 | Fuzzy-Logic On Board Device For Monitoring And Processing Motor Vehicle Operating Data |

2. OBD Sensor Solutions seeks injunctive relief and monetary damages.

## PARTIES

3. OBD Sensor Solutions is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 815 Brazos Street, Suite 500, Austin, Texas 78701-2509 (Travis County).

4. Progressive Casualty Insurance Company is a foreign insurance company organized under the laws of Ohio with its corporate headquarters located at 6300 Wilson Mills Road, Mayfield Village, Ohio, 44143.

5. Defendant may be served through its registered agent for service, CT Corporation System, which is located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

6. OBD Sensor Solutions repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

7. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

8. Venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) because it has maintained an established and regular places of business in this District and has committed acts of patent infringement in this District. *See In re: Cray Inc.*, 871 F.3d 1355, 1362-1363 (Fed. Cir. 2017).

9. Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in this judicial district, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

10. Specifically, Defendant intends to do and do business in, have committed acts of infringement in, and continue to commit acts of infringement in this District directly, through intermediaries, by contributing to and through its inducement of third parties, and offers its products or services, including those accused of infringement here, to customers and potential

customers located in Texas, including in this District.

11.   Defendant maintains regular and established places of business in this District.

12.   Upon information and belief and based upon public information, Defendant owns, operates, manages, conducts business, and directs and controls the operations of, and has employees that work from and out of, facilities at locations in this District, including, but not limited to, facilities at the following address: (1) 7301 Metro Center Drive, Austin, Texas 78744 (Travis County).

13.   Doing business under the "Progressive" brand name, Defendant advertises its Austin office on its website, including statements such as "[m]any of the perks of Progressive's headquarters are featured in our Austin office…," and "[w]orking at our Austin office…" **Exhibit B** (discussing careers at "Progressive's Austin office").

14.   Defendant owns, operates, manages, conducts business, directs and controls the operations of, and has employees that work from and out of, facilities at locations in this District, including, but not limited to, facilities in Austin. *Id.*

15.   In addition, Progressive's website lists hundreds of authorized agents in numerous cities in this District (**Exhibit C**), including over one hundred authorized insurance agents in Austin (**Exhibit D**) and over twenty authorized agents in Waco (**Exhibit E**).

16.   Defendant commits acts of infringement from this District, including, but not limited to, use of the Accused Instrumentalities and inducement of third parties to use the Accused Instrumentalities.

## THE ACCUSED INSTRUMENTALITIES

17.   OBD Sensor Solutions repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

18. Based upon public information, Progressive makes, uses, sells and/or offers for sale its "Snapshot" devices and associated software and applications, which monitor and process information and/or data related to the use and functioning of motor vehicles through use of an on-board diagnostic computer and associated inner network connecting vehicle sensors (the "Accused Instrumentalities"). *See* **Exhibit F** (Snapshot Plug-in device); **Exhibit G** (Snapshot FAQ); **Exhibit H** (Snapshot Fitguide); **Exhibit I** (Snapshot Details Texas); **Exhibit J** (Snapshot Terms and Conditions).

19. Progressive owns, operates, advertises, and/or controls at least the websites https://www.progressive.com/ through which it advertises, sells, offers to sell, promotes, provides and/or educates customers about its products, including the Accused Instrumentalities.

20. Based upon public information, Progressive, directly and/or through its agents and intermediaries, also operates, advertises, and/or controls the locations throughout this District, including at least Austin and Waco through which it and its agents and employees use, advertise, provide, and/or educate third-parties, including but not limited to customers, about the Accused Instrumentalities.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,146,346**

21. OBD Sensor Solutions repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

22. The USPTO duly issued U.S. Patent No. 7,146,346 (the "'346 patent") on December 5, 2006, after full and fair examination of Application No. 10/172,145, which was filed on June 14, 2002. *See* **Ex. A**, at A-1.

23. The '346 patent is entitled "Fuzzy-Logic On Board Device For Monitoring And Processing Motor Vehicle Operating Data." *See id.*

24. OBD Sensor Solutions is the exclusive licensee to the '346 patent, including the sole

4

and exclusive right to prosecute this action and enforce the '346 patent against infringers, and to collect damages for all relevant times.

25. The claims of the '346 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of electronic built-in on-board devices and methods for monitoring and processing motor vehicle operating data.

26. The written description of the '346 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the priority date. The '346 patent also identifies and circumscribes all information necessary for a skilled artisan to perform each limitation in the claims in light of that which was known in the art at the priority date.

27. Defendant has infringed and continues to infringe the '346 patent by making, using, providing, supplying, selling, offering for sale, or distributing the Accused Instrumentalities.

28. Defendant has directly infringed and continue to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '346 patent.

29. For example, the Accused Instrumentalities, when used by Defendant or a customer, provide an electronic device for monitoring and processing information data related to the use and functioning of motor vehicles through an inner network connecting vehicle sensors, said device comprising, a central processing unit; an integrated data storage connected to the central processing unit; and a network connector operatively connected to the central processing unit and configured to be connected to an inner network of a motor vehicle through a connector used by

motor vehicle makers for accessing a vehicle on-board electric system with a diagnostic unit, said device being a stand-alone device cooperating with the vehicle electronic dedicated control units, via said network connector and through said inner network, and processing information data related to use and functioning of the motor vehicle received through said network connector and the inner network from connected vehicle sensors, said data received through said inner network being processed by said central processing unit and performed analysis being stored into said storage; an interface connector providing connection to one of a radio transmitter and a wireless unit; and a front-end device and a bus connecting said network connector to said central processing unit; and a further bus connecting said central processing unit to said storage, wherein said device is coupled, through said on-board network connector, with one of an OBD- and an EOBD connector for interfacing the motor vehicle inner networks with an outside network of said motor vehicle.

30. Since at least the time of receiving this Complaint, Defendant has also indirectly infringed and continues to indirectly infringe the '346 patent by inducing others to directly infringe the '346 patent. Defendant has induced and continue to induce their subsidiaries, partners, affiliates, and end-users, including Defendant's customers and potential customers, to directly infringe, either literally or under the doctrine of equivalents, the '346 patent by using the Accused Instrumentalities. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentalities in a manner that infringes one or more claims of the '346 patent, including, for example, claim 1 of the '346 patent. Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to make or use the Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Accused Instrumentalities in an infringing manner; or

distributing instructions that guide users to use the Accused Instrumentalities in an infringing manner. Defendant is performing these steps, which constitutes induced infringement with the knowledge of the '346 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Instrumentalities by others would infringe the '346 patent. Defendant's inducement is ongoing.

31. Since at least the time of receiving this Complaint, Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '346 patent. Defendant has contributed and continues to contribute to the direct infringement of the '346 patent by personnel, contractors, customers, and other end users by encouraging them to use the Accused Instrumentalities to perform the steps of the patented process as described in one or more claims of the '346 patent. The Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '346 patent, including, for example, claim 1 of the '346 patent. The special features include, for example, the method recited in claim 1, including all the intermediary steps, that allow the claimed method of monitoring user usage patterns of a system. The special features constitute a material part of the invention of one or more of the claims of the '346 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

32. Defendant has had knowledge of the '346 patent at least as of the date when it was notified of the filing of this action.

33. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Plaintiff's patent rights.

34. Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

35. Since at least the time of receiving this Complaint, Defendant's direct and indirect infringement of the '346 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

36. OBD Sensor Solutions or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '346 patent.

37. Plaintiff has been damaged and continues to be damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to OBD Sensor Solutions in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

38. OBD Sensor Solutions has suffered and continues to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. OBD Sensor Solutions has and will continue to suffer this harm by virtue of Defendant's infringement of the '346 patent. Defendant's actions have interfered with and will interfere with OBD Sensor Solutions' ability to license technology. The balance of hardships favors OBD Sensor Solutions' ability to commercialize its own ideas and technology. The public interest in allowing OBD Sensor Solutions to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**JURY DEMAND**

39. Plaintiff hereby requests a trial by jury on all issues so triable by right.

**PRAYER FOR RELIEF**

40. WHEREFORE, OBD Sensor Solutions requests that the Court find in its favor and against Defendant, and that the Court grant OBD Sensor Solutions the following relief:

  a. Judgment that one or more claims of the Asserted Patent has been infringed, either literally or under the doctrine of equivalents, by Defendant or all others acting in concert therewith;

  b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '346 patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the '346 patent by such entities;

  c. Judgment that Defendant account for and pay to OBD Sensor Solutions all damages to and costs incurred by OBD Sensor Solutions because of Defendant's infringing activities and other conduct complained of herein;

  d. Judgment that Defendant's infringement of the '346 patent be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

  e. Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

  f. That this Court declare this an exceptional case and award OBD Sensor Solutions its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

  g. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>April 15, 2022</u>      Respectfully submitted,

By: <u>*/s/ James F. McDonough, III*</u>
Jonathan L. Hardt (TX 24039906) *
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite C
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

C. Matthew Rozier (CO 46854) *
**ROZIER HARDT MCDONOUGH PLLC**
2590 Walnut Street, Suite 10
Denver, Colorado 80205
Telephone: (720) 820-3006
Email: matt@rhmtrial.com

James F. McDonough, III (GA 117088) *
Jonathan R. Miller (GA507179) *
Travis E. Lynch (GA 162373) *
**ROZIER HARDT MCDONOUGH PLLC**
3621 Vinings Slope, Suite 4300
Atlanta, Georgia 30339
Telephone (470) 480-9505, -9517, -9514
Email: jim@rhmtrial.com
Email: miller@ rhmtrial.com
Email: lynch@ rhmtrial.com

*Attorneys for Plaintiff OBD SENSOR SOLUTIONS LLC*

*Admitted to the Western District of Texas
**Admission *pro hac vice* to the Western District of Texas anticipated

**List Of Exhibits**
  A. US Patent No. 7,146,346
  B. Progressive's Austin Office
  C. Progressive's Texas Agent Locations
  D. Progressive's Austin Agents
  E. Progressive's Waco Agents
  F. Progressive's Snapshot Webpage
  G. Progressive's Snapshot FAQ
  H. Progressive's Snapshot Fitguide
  I. Progressive's Snapshot Details Texas
  J. Progressive's Snapshot Terms and Conditions